Argued and submitted December 19, 1980, affirmed as modified April 13, 1981

In the Matter of the Marriage of

**DEINES,**
*Appellant,*
*and*
**DEINES,**
*Respondent.*

(No. D-15-049, CA 18371)

626 P2d 915

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

Stephen L. Gallagher, Jr., Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a decree of dissolution contending the award of spousal support is inequitable both as to amount and duration.

The parties were married for 26 years. Husband is 51 years old and wife is 47 years old. Husband was given custody of the minor child of the parties, a son, 16 years old. The parties' other child is emancipated. Wife was not required to pay child support. The decree provided an approximately equal division of the marital assets, each party receiving approximately $80,000 upon the sale of some real property. In addition, husband was ordered to pay wife $5,027.50, which represents one-half of the stipulated value of husband's retirement account. Wife has $700 in an IRA retirement fund.

Wife has worked for the last eight years in a plant nursery and presently earns $600 per month net. She has secretarial and bookkeeping skills and testified she wanted to enroll in an employment counselling program and take courses at a community college to enhance her employment opportunities. She is in good health. Husband works as an elevator mechanic. His net income is $1,700 per month. He has health problems which he stated may require a reduced work schedule or early retirement.

The trial court awarded wife $450 per month as spousal support to continue until husband reaches age 65. The spousal support payments are to commence when the sale of the real property is closed.

In *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977), the Supreme Court, in setting forth criteria for spousal support awards, said:

"What the courts must attempt, then, is to award spousal support, if it is appropriate, on terms that are equitable between the parties that take into account need and ability to pay and that further the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." 280 Or at 353.

A dominant philosophy expressed in *Grove* is to end the support-dependency relationship within a reasonable time.

In *Grove,* the Supreme Court modified the decree to provide a larger award initially and a reduced award after wife had an opportunity to reach financial independence. We conclude that approach is appropriate here.

Wife's income is considerably less than husband's, but she is employable and has the capability to increase her income. Spousal support provisions should be tailored to provide reasonable opportunity to attain financial independence and also to provide incentive to seek such independence.

Wife will need a period of time to realize her full income potential and will undoubtedly be unable to equal husband's income. We conclude the decree should be modified to provide permanent spousal support in the amount of $450 per month for four years from the commencement date set out in the decree; thereafter, the amount is reduced to $250 per month.

Affirmed as modified. No costs to either party.